{¶ 44} I dissent from the majority's analysis and disposition of appellant's three assignments of error.
 {¶ 45} While the majority holds that there is sufficient proof appellant's late appearance was reckless, I disagree. Upon review of the record, I believe that there is not proof beyond a reasonable doubt that appellant, by appearing approximately six minutes late for the final hearing on the parties' complaint for divorce, intended to defy the Magistrate and, thus, the trial court. As is stated above, appellant stated as follows on the record in explaining the reason for his tardiness:
 {¶ 46} "But the day in question on the Basore case, Your Honor, I had been prepared for trial. Was ready to go to trial. I was getting some copies made off when I realized that the copies I had run off, they were not properly marked as plaintiff's exhibits, and that was one thing I'd overlooked. I wanted to make sure I properly prepared for trial.
 {¶ 47} "I have in my hand, Your Honor, the exhibit list where I had on that date 14 separate multi-page exhibits. The only exhibit that wasn't multi-paged was the deed. I had to run each and every one of those exhibits off, make sure they were stapled, collated, had to go through and mark everyone.
 {¶ 48} "At that point I ran over to the court, when I entered the courtroom and found out from the magistrate I was late for that hearing. I at no time intended to be late. It's just that that one last-minute thing threw me off kilter a little bit as far as the time.
 {¶ 49} "But at no time did I ever mean any disrespect for the court. I did not mean to delay the proceedings. And had it not been for that one last-minute thing, I thought I was prepared.
 {¶ 50} "But I wanted to make sure that I had, pursuant to the court's orders, that the opposing parties were presented with all copies of all exhibits properly marked.
 {¶ 51} "When I realized that that was not in the file, that's when I ran the copies off and then literally ran over to court and found myself in that predicament.
 {¶ 52} "But I would hope that the court understands and realizes that at no time in any of those circumstances did I ever mean disrespect to the court. Never meant to — for the actions that happened to happen.
 {¶ 53} "This has been a learning experience for me, to say the least. I've taken steps to assure that nothing like that would ever happen again, such as checking my watch to make sure.
 {¶ 54} "As the court is aware, the clock on the wall is different from the time when the court heard the chimes from the church up the street, which is different from the watch on my wrist.
 {¶ 55} "And but even still, at this point I try to get to court even before that so there's absolutely no doubt in question whatsoever.
 {¶ 56} "I'd ask the court to consider that under the totality of the circumstances, that my actions were not contumacious to the court. I never intended any disrespect to the court or contemptuous action to the court.
 {¶ 57} "I would ask the court not find contempt in this matter. I'm not sure if the court wants to see the exhibit list which — . . ." Transcript of February 4, 2002, hearing at 7-9.
 {¶ 58} In short, I would find that there was no evidence before the trial court that appellant, beyond a reasonable doubt, "intentionally brought the administration of justice into disrespect, embarrassed, impeded or obstructed the court in the performance of its functions or that he intentionally violated a court order." In Re Contempt ofMgbaraho, Cuyahoga App. No. 80387, 2002-Ohio-3429. Nor is there evidence that appellant, by appearing later, acted recklessly or in indifferent disregard of the trial court.
 {¶ 59} However, in so holding, I emphasize that I do not condone appellant's actions in appearing even only six minutes late for the hearing before the Magistrate. As noted by the trial court on the record at the February 4, 2002, hearing, the trial court has an obligation "to assure a prompt and efficient running of our court in a manner that is fair to all concerned." Transcript of February 4, 2002, hearing at 11. By appearing even six minutes later, appellant inconvenienced not only the trial court, but also the parties and other counsel. Appellant should not have been preparing for the final divorce hearing just minutes before the same was scheduled to start. In addition, if the tardiness is a chronic problem with this counsel, I can understand the frustration of the trial court.
 {¶ 60} However, that said, I would find that, as is stated above, there is not evidence beyond a reasonable doubt that appellant, by appearing for the hearing before the Magistrate, intended to defy the trial court. There is nothing in the record establishing that appellant is chronically late for proceedings before the trial court or that appellant was ever cautioned regarding punctuality. While both the trial court and the Magistrate noted that appellant had failed to appear for a prior case, there is nothing in the record indicating how appellant was dealt with by the trial court in such case. It is, therefore, unclear if appellant previously had been cautioned by the trial court regarding failure to appear or to appear on time and thus whether appellant, by appearing late on March 21, 2001, intentionally defied the trial court.
 {¶ 61} For the foregoing reasons, I would sustain appellant's second assignment of error and, based on disposition of the same, would find that appellant's first and third assignments of error are moot.
Judge Julie A. Edwards.